UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JASON KRUMBACK,<br><br>                    Petitioner,<br><br>vs.<br><br>KELLIE WASKO, Secretary of South Dakota Dept of Corr, and MARTY JACKLY, South Dakota Attorney General,<br><br>                    Respondents. | 4:25-CV-04143-KES<br><br>ORDER DENYING PETITIONER'S MOTION TO CONSIDER |

Petitioner, Jason Krumback, an inmate at the South Dakota State Penitentiary, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Docket 1. Along with his habeas petition, Krumback filed a "Motion for Consideration" requesting that this case be assigned to the presiding judge or transferred to the District of Nebraska. Docket 3 at 1–2. Krumback contends that the court has "mishandled" other cases and expresses concern that United States District Judge Camela C. Theeler is a former colleague of the South Dakota state court judge who presided over his state criminal case. *Id.* Krumback's motion for consideration is insufficient to establish grounds for recusal.[1]

---

[1] In his motion for consideration, Krumback does not explain why the District of Nebraska would be a proper venue to consider a habeas petition filed by a prisoner in the custody of the South Dakota Department of Corrections.

Under 28 U.S.C. § 144, a party may seek recusal of a judge by filing a legally sufficient affidavit that demonstrates a personal bias or prejudice of the judge. *United States v. Faul,* 748 F.2d 1204, 1210 (8th Cir. 1984). "An affidavit must strictly comply with all of the statutory requirements before it will effectively disqualify a judge." *United States v. Anderson,* 433 F.2d 856, 859 (8th Cir. 1970). The alleged bias or prejudice "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from [her] participation in the case." *Faul,* 748 F.2d at 1211 (citing *United States v. Grinnell Corp.,* 384 U.S. 563, 583 (1966)). Krumback's motion is not verified and does not meet the legal definition of an affidavit, but even if it did, it is factually insufficient. In order to succeed on a personal bias claim, the petitioner must allege specific facts, not mere general concerns. *See Alexander v. Medtronic, Inc.,* 2012 WL 3724052, at *3 (W.D. Mo. Aug. 27, 2012).

Under 28 U.S.C. § 455(a), a judge is required to "disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." This section requires disqualification "if a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown." *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003) (citation omitted). "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Id.* (citation omitted).

As the Eighth Circuit has held, "[t]he recusal statute does not provide a vehicle for parties to shop among judges . . . [or] require recusal every time a judge commits a procedural error or departs from protocol in some way." *Little Rock Sch. Dist. v. Pulaski Cnty. Special Sch. Dist. No. 1*, 839 F.2d 1296, 1302 (8th Cir. 1988). In short, the question "is not whether the trial judge committed errors, but whether these errors create a reasonable inference that the [c]ourt has lost its impartiality. This question must be answered '. . . in light of the full record, not simply in light of an isolated incident.' " *Id.* (quoting *In re Federal Skywalk Cases*, 680 F.2d 1175, 1184 (8th Cir. 1982)).

Krumback's allegation that the court has mishandled his other cases does not require recusal. The undersigned dismissed without prejudice Krumback's previous § 2254 petition for failure to exhaust. *Krumback v. Reyes*, 4:23-CV-4155-KES, Docket 77 (D.S.D.). Even if this dismissal was erroneous, that error alone is not sufficient to show the type of prejudice or bias that warrants recusal. As the Supreme Court of the United States has explained:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.  In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal.[2]

---

[2] Following the dismissal of his initial § 2254 petition without prejudice, the Eighth Circuit denied Krumback's application for a certificate of appealability. *Krumback v. Reyes*, 4:23-CV-4155-KES, Docket 89. The Eighth Circuit also denied his petition for rehearing by the panel and petition for rehearing en banc. *Id.* at Docket 90. The United States Supreme Court denied Krumback's petition for a writ of certiorari. *Id.* at Docket 93.

*Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted). *See also Dossett v. First State Bank*, 399 F.3d 940, 953 (8th Cir. 2005) (stating that adverse judicial rulings almost never constitute a valid basis for recusal).

Krumback's motion expressing a "concern" whether "justice can be achieved under this environment[]" contains no facts demonstrating "deep-seated favoritism or antagonism that would make fair judgment impossible." *See* Docket 3; *Liteky*, 510 U.S. at 555. The undersigned is not a former colleague of the state court judge who presided over Krumback's criminal case, and the undersigned was not the judge assigned to handle *Krumback v. Noem*, 4:24-CV-04040-CBK, one of Krumback's previous cases filed in the District of South Dakota that he contends was improperly dismissed. Thus, it is

ORDERED that Krumback's motion for consideration, Docket 3, is denied.

DATED August 6, 2025.

                                               BY THE COURT:

                                               /s/ *Karen E. Schreier*
                                               KAREN E. SCHREIER
                                               UNITED STATES DISTRICT JUDGE