UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JASON KRUMBACK,<br><br>                Petitioner,<br><br>vs.<br><br>KELLIE WASKO, Secretary of South Dakota Dept of Corr, and MARTY JACKLY [sic], South Dakota Attorney General,<br><br>                Respondents. | 4:25-CV-04143-KES<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AS MODIFIED AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE |

Petitioner, Jason Krumback, an inmate at the South Dakota State Penitentiary, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Docket 1. The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and the District of South Dakota's Civil Local Rule of Practice 72.1.A.2(b), which designate to the magistrate judge the duty to prepare proposed findings and recommendations for the disposition of habeas petitions. Magistrate Judge Veronica L. Duffy submitted a report and recommended that Krumback's petition be dismissed with prejudice because his claims are procedurally defaulted. Docket 6 at 7–8. Krumback timely filed objections to the report and recommendation. Docket 11. Krumback has filed a number of other motions, many of which relate to his requests for an expedited ruling, discovery, and an evidentiary hearing. Dockets 4, 9, 14, 16, 17, 18, 19, 20, 21, 23, 24, 25, 27, 29, 31, 32, 34, 35, 37. For the following reasons, the

court adopts Magistrate Judge Duffy's report and recommendation as modified by this order, overrules Krumback's objections, and dismisses Krumback's petition with prejudice.

## STANDARD OF REVIEW

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636(b)(1). The court reviews de novo any objections to the magistrate judge's recommendations as to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); *Thompson v. Nix*, 897 F.2d 356, 357–58 (8th Cir. 1990) (per curiam). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## DISCUSSION

### I. Krumback's Motion for Recusal (Docket 18)

More than a month after Magistrate Judge Duffy issued a report and recommendation, Krumback moved to recuse Magistrate Judge Duffy pursuant to 28 U.S.C. § 455(a).[1] Docket 18. Krumback's motion is procedurally defective and substantively without merit. Under 28 U.S.C. § 144, a party may seek recusal of a judge by filing a legally sufficient affidavit that demonstrates a personal bias or prejudice of the judge. *United States v. Faul,* 748 F.2d 1204, 1210 (8th Cir. 1984). "An affidavit must strictly comply with all of the statutory

---

[1] Krumback's motion to recuse (Docket 18) could also be denied as moot. This matter was referred to Magistrate Judge Duffy to issue a report and recommendation. Krumback's motion for recusal was filed well after Magistrate Judge Duffy issued her report and recommendation. *Compare* Docket 6, *with* Docket 18.

requirements before it will effectively disqualify a judge." *United States v. Anderson*, 433 F.2d 856, 859 (8th Cir. 1970) (citation omitted). The alleged bias or prejudice "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from [her] participation in the case." *Faul,* 748 F.2d at 1211 (citing *United States v. Grinnell Corp.,* 384 U.S. 563, 583 (1966)). Krumback's motion is not verified and does not meet the legal definition of an affidavit, but even if it did, it is factually insufficient.

      Krumback contends that Magistrate Judge Duffy is biased because he believes that some statements in her report and recommendation are not factually accurate. Docket 18 at 1–2. As discussed below, Krumback misconstrues the report and recommendation and fails to consider the statements at issue in the proper context. But even if some portion of the report and recommendation does not accurately state the facts and procedural background of Krumback's state criminal proceeding, that error alone is not sufficient to show the type of prejudice or bias that warrants recusal. As the Supreme Court of the United States has explained:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.  In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal.

3

*Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted); *see also Dossett v. First State Bank*, 399 F.3d 940, 953 (8th Cir. 2005) (stating that adverse judicial rulings almost never constitute a valid basis for recusal). Krumback's motion for recusal, Docket 18, is denied.

## II.   Krumback's Motion for Jurisdictional Transfer (Docket 27)

Krumback requests that the court transfer this matter to the District of Nebraska. Docket 27 at 1. In support of his motion for jurisdictional transfer, Krumback relies on 28 U.S.C. § 1631 and *Terra International, Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688 (8th Cir. 1997). *Id.* But these authorities do not permit the transfer of a petition for writ habeas corpus by a state prisoner in the custody of the South Dakota Department of Corrections to the District of Nebraska.[2] According to 28 U.S.C. § 1631, "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, that court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought[.]" The statute is not applicable because this court has jurisdiction, and this petition for writ of habeas corpus could not have been brought in the District of Nebraska. *See Thompson v. Mo. Bd. of Parole*, 929 F.2d 396, 398 (8th Cir. 1991) (stating that

---

[2] In his motion for consideration, Krumback requested that this case be transferred to the District of Nebraska. Docket 3 at 1–2. When the court denied Krumback's motion, the court noted that "Krumback does not explain why the District of Nebraska would be a proper venue to consider a habeas petition filed by a prisoner in the custody of the South Dakota Department of Corrections." Docket 7 at 1 n.1.

4

the proper venue for a habeas corpus action is the district that has jurisdiction over the prisoner's custodian).

In *Terra International*, the Eighth Circuit Court of Appeals affirmed the district court's grant of a motion to transfer under 28 U.S.C. § 1404(a) in a lawsuit arising out of an explosion at Terra's fertilizer plant in Sioux City, Iowa. *Terra Int'l*, 119 F.3d at 689. Terra alleged that Mississippi Chemical's ammonium nitrate neutralizer technology, which Mississippi Chemical licensed to Terra, was defective and caused the explosion at Terra's plant in Sioux City, Iowa. *Id.* at 690. Because the license agreement contained a forum selection clause, the district court properly granted Mississippi Chemical's motion under 28 U.S.C. § 1404(a) to transfer venue to the Southern District of Mississippi. *Id.* at 697. Even assuming 28 U.S.C. § 1404(a) applies to petitions for writ of habeas corpus under 28 U.S.C. § 2254, Krumback's reliance on *Terra International* is misplaced because this action could not have been commenced in the District of Nebraska. Krumback's motion for jurisdictional transfer, Docket 27, is denied.

### III. Krumback's Objections to Magistrate Judge Duffy's Report and Recommendation

Magistrate Judge Duffy issued a report and recommendation discussing the relevant procedural history and legal authorities supporting her conclusion that Krumback's claims are procedurally defaulted and that his petition for writ of habeas corpus should be dismissed with prejudice. *See* Docket 6. The court agrees that Krumback's claims are procedurally defaulted and that his

5

petition for writ of habeas corpus should be dismissed with prejudice. But to fully address Krumback's objections, the court modifies the report and recommendation as explained below.

### A. Procedural Background of Krumback's State Court Convictions

Krumback was charged in South Dakota state court with one count of tampering with a witness, a class 4 felony under SDCL § 22-11-19(2), and 22 counts of violating a no contact order, a class 1 misdemeanor under SDCL §§ 25-10-13 and 25-10-1. CR[3] 3305 at 11–16. A part II information identified Krumback as a habitual offender. *Id.* at 17. The habitual offender information listed six prior felony convictions: aggravated assault, aggravated eluding, possession of a firearm by a convicted felon, and three counts of forgery. *Id.* Krumback pleaded guilty to count I, witness tampering, and also admitted to being a habitual offender. *Id.* at 50, 59–60. The remaining 22 counts of violating a no contact order were dismissed. *Id.* at 28, 50. During the change of plea hearing and sentencing, the court resolved charges pending against Krumback in two other cases: *South Dakota v. Jason Arthour Krumback*, 49 CRI22-003641 (S.D. 2d Cir. Minnehaha Cnty.) and *South Dakota v. Jason Arthour Krumback*, 49 CRI21-008125 (S.D. 2d Cir. Minnehaha Cnty.) *Id.* at 47–50.

---

[3] Documents from Krumback's underlying state criminal case, *South Dakota v. Jason Arthour Krumback*, 49 CRI22-003305 (S.D. 2d Cir. Minnehaha Cnty.), will be cited using the file's assigned page number preceded by "CR 3305." The court takes judicial notice of the documents contained in Krumback's state criminal records. *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (recognizing that a court my take judicial notice of public records); *see also* Fed. R. Evid. 201.

In CR 8125, Krumback entered a no contest guilty plea to one count of aggravated assault-physical menace (domestic). CR 8125 at 53. He was sentenced to 12 years' incarceration in the South Dakota State Penitentiary, all of which was suspended on a number of conditions. *Id.* at 53–54. A motion to revoke his suspended sentence was filed based on an alleged violation of the terms of probation. *Id.* at 57. During the October 4, 2022 change of plea and sentencing hearing in CR 3305, Krumback admitted to violating the conditions of his suspended sentence, CR 3305 at 60, and his initial suspended sentence was modified to provide that he was under the supervision of the Department of Corrections rather than Court Services, but the 12-year term of imprisonment remained suspended, CR 8125 at 63.

In CR 3641, Krumback was charged with twelve counts of violating a protection or no contact order, CR 3641 at 1–3, but those charges were dismissed pursuant to Krumback's plea agreement in CR 3305, CR 3305 at 50. Krumback's witness tampering sentence in CR 3305 was ordered to run consecutively with his suspended aggravated assault conviction in CR 8125. CR 3305 at 83. Thus, Krumback has not been convicted of violating a protective order, and none of the crimes that form the basis of the habitual offender charge are convictions for violation of a protective order. Krumback did not file a direct appeal from his judgment of conviction and sentence, and he did not file a state habeas petition. *Krumback v. Fluke*, 4:23-CV-04155-KES, Docket 6 at 2; Docket 39 at 3. Instead, Krumback filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in federal court. *Krumback v. Fluke*,

7

4:23-CV-04155-KES, Dockets 1, 6. Krumback's initial habeas petition was dismissed without prejudice because Krumback had not exhausted his claims in state court. *Id.*, Docket 77 at 17–18; *see also* Docket 1 at 10; Docket 6 at 1. When Krumback's initial habeas petition was dismissed, his time to file a state habeas petition had not expired. *Krumback v. Fluke*, 4:23-CV-04155-KES, Docket 39 at 14; *see also* Docket 6 at 3 n.1. Instead of filing a state habeas petition, Krumback filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. Magistrate Judge Duffy screened Krumback's petition pursuant to Rule 4 of the Rules Governing State Habeas Petitions and recommended that it be dismissed with prejudice because the claims are procedurally defaulted. Docket 6 at 2. Krumback timely objected to the report and recommendation. Docket 11.

    **B.**    **Krumback's Claim of Actual Innocence Fails as a Matter of Law**

Krumback raised five objections to the report and recommendation. *Id.* at 2–14. But Krumback does not object to Magistrate Judge Duffy's conclusion (Docket 6 at 3) that his claims are procedurally defaulted. *See generally* Docket 11. The court agrees that Krumback's claims are procedurally defaulted.

A court cannot entertain defaulted claims on the merits unless the petitioner (1) shows cause excusing the default and prejudice; or (2) there will be a fundamental miscarriage of justice if the court does not entertain the claims. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In his petition, Krumback contends that he is actually innocent. Docket 1 at 16.

8

The report and recommendation sets out the proper legal standard for considering a claim of actual innocence as an excuse for procedural default. *See* Docket 6 at 3–4. The merits of a procedurally defaulted claim can be considered if failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. The only miscarriage of justice recognized by the Supreme Court to excuse procedural default is "actual innocence." *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). "Actual innocence" is not an independent constitutional claim upon which habeas relief can be granted; it is "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Schlup v. Delo*, 513 U.S. 298, 315 (1995) (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)). Actual innocence claims pose a heavy burden on the petitioner to introduce "new reliable evidence" that exonerates him of the challenged offense. *See id.* at 324.

Here, Krumback's "actual innocence" argument fails as a matter of law for two, independent reasons. First, Krumback's "actual innocence" argument is based on a clear misinterpretation of SDCL § 22-11-19. That statute provides:

> Any person who injures or threatens to injure any person or property; who offers, confers, or agrees to confer any benefit on a witness or prospective witness in an official proceeding; or who corruptly persuades or corruptly influences another person to induce the witness to:
>
> (1)   Testify falsely;

> (2) Withhold any testimony, information, document, or thing;
>
> (3) Elude legal process summoning the witness to testify or supply evidence; or
>
> (4) Absent himself or herself from an official proceeding to which the witness has been legally summoned;
>
> is guilty of tampering with a witness. Any person who injures, or threatens to injure, any person or property in retaliation for that person testifying in an official proceeding, or for cooperating with law enforcement, government officials, investigators, or prosecutors, is guilty of tampering with a witness. Tampering with a witness is a Class 4 felony.
>
> For the purposes of this section, the term, corruptly, means wrongful or immoral and done with an intent to impede the administration of justice.

SDCL § 22-11-19. According to Krumback's objection, he is actually innocent of tampering with a witness because the conduct that led to the indictment and his guilty plea did not occur within an official proceeding. Docket 11 at 6; *see also* Docket 1 at 14–15, 30–31, 47, 59, 63. But SDCL § 22-11-19 does not require, as an essential element, that the defendant's conduct occur during "an official proceeding." Rather, SDCL § 22-11-19 requires only that the defendant's conduct be directed toward a witness or prospective witness in an official proceeding. Krumback does not argue, and the record contains absolutely no evidence to support an argument, that his conduct was not directed toward a witness or prospective witness in an official proceeding. For this reason, Krumback's fifth objection, Docket 11 at 12–14, that he is actually innocent of tampering with a witness in violation of SDCL § 22-11-19, is overruled.

Even if Krumback's actual innocence argument did not misconstrue SDCL § 22-11-19, it would fail as a matter of law because it is not based on any new evidence or facts that were not available to Krumback at the time of his guilty plea. To establish a viable actual innocence argument, Krumback must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Here, Krumback does not support his actual innocence claim with any new evidence of the nature described in *Schlup*. Instead, he raises a legal argument based on facts he does not dispute he was aware of at the time of his guilty plea.

Krumback objects to the conclusion that he "identifies no new evidence[, and] [t]he evidence that he points to is evidence he was aware of currently [sic] with his guilty plea proceeding and sentencing[.]" Docket 11 at 5 (citing Docket 6 at 7) (emphasis in original omitted). Krumback concedes "[i]n fact he may have been aware of the constitutional errors[.]" *Id.* Without a transcript of the proceedings, Krumback contends that he would not have been able to provide proof that the conduct for which he pleaded guilty to witness tampering did not occur during an "official proceeding." *Id.* at 5–6. Krumback's objection asks the court to overlook the obvious fact that he was aware of what he did and when he did it regardless of whether he had access to a transcript outlining the factual basis for his guilty plea. A transcript outlining information a petitioner was aware of at the time of his guilty plea is not the sort of "new evidence" required to establish a claim of actual innocence. Although the alleged new

11

evidence may have been available in a different format, i.e. a transcript, this is wholly insufficient to overcome the fatal undisputed fact that Krumback was aware of the very same facts set forth in the transcript and constituting the alleged new evidence concurrently with his guilty plea and sentencing. Krumback's second objection, Docket 11 at 5–8, is overruled.

Based on the court's de novo review, Krumback's claims are procedurally defaulted, and his actual innocence claim fails as a matter of law. Thus, his petition for writ of habeas corpus under 28 U.S.C. § 2254 is dismissed with prejudice. *See Armstrong v. Iowa*, 418 F.3d 924, 925, 927 (8th Cir. 2005) (recognizing that dismissal on the basis of procedural default is a dismissal with prejudice).

### C.    Krumback's Remaining Objections to the Report and Recommendation

The court now considers Krumback's remaining objections to the report and recommendation.

#### 1.    Objection Number 1 (Docket 11 at 2–4)

The report and recommendation states that the seven claims for relief set forth in Krumback's petition for writ of habeas corpus all "revolve around SDCL § 25-10-13, which prohibits violation of a protection order." Docket 6 at 6. But, as the report and recommendation also states, Krumback "is *not in prison on a conviction for the crime of violation of a protective order*[.]" *Id.* at 7 (emphasis in original). According to the report and recommendation, "[a]ny claim of actual innocence, to be availing to Mr. Krumback, must relate to the crimes of aggravated assault or witness tampering. None of his habeas claims concern

12

these crimes for which Mr. Krumback is currently incarcerated." *Id.* Krumback objects to the report and recommendation because his habeas petition makes it clear that he is "challenging his conviction of Witness Tampering and not a dismissed charge of a protection order." Docket 11 at 2. The report and recommendation recognizes that Krumback's current incarceration stems from his plea of guilty to one count of witness tampering. Docket 6 at 4–5. The report and recommendation states that Krumback's alleged claims for habeas relief arise out of the charges for violation of a protection order, all of which were dismissed. *See id.* at 6–7. Krumback's petition for writ of habeas corpus (Docket 1) sets forth seven grounds for relief:

- Ground 1: "Petitioner's counsel . . . failed to investigate the exculpatory evidence in relation to the 22 counts of violation of SDCL 25-10-13 were in fact protected content which fell outside of the scope of the law's purpose." *Id.* at 22.

- Ground 2: "Petitioner's counsel . . . failure to perform any loyalty to his client's defense is outlined by counsel's failure to prepare any defense to the 22 counts of a protection order pursuant to **SDCL 25-10-13**." *Id.* at 27 (emphasis in original).

- Ground 3: "Petitioner's counsel . . . failure to object . . . to the factual bases that did not contain any evidence of any element of the underlying offence [sic]. The prejudicial act of the attorney's complete failure caused the petitioner to enter a plea to a crime that he [petitioner] did not commit." *Id.* at 35 (alteration in original).

- Ground 4: "The prosecution charging the Petitioner with 22 counts of violation of **SDCL 25-10-13** provisions played the key role in the Petitioner's counsel not being able to defend his client of the wrongful conviction in the matter before the Court. The interference is defined a[s] prosecutorial misconduct as the prosecution after having a wrongful conviction reached, then dismissed the potential life sentence (110 years)" *Id.* at 41 (emphasis in original).

13

- Ground 5: "The prosecutor . . . amended a filed complaint . . . to amend count 1 of the complaint (violation of **SDCL 25-10-13)** to amended charge of "Witness Tampering" pursuant to **SDCL 22-11-19(2)** without any required warrant or probable cause to secure of the petitioner." *Id.* at 47 (emphasis in original).
- Ground 6: "The lower Court's clear and plain 'abuse of discretion is seen by the [court] accepting a factual bases that did not contend [sic] the essential element in the charging indictment 'official proceeding' after the [court] read the Petitioner's constitutional rights of due process regarding the elements that must be meet [sic] in order to find the Petitioner guilty as 'each and every element of the crime charged against you.' " *Id.* at 58 (alterations in original).

- Ground 7: "**SDCL 22-11-19's** reading easily details the essential elements especially that of the key element of 'in an official proceeding.' " *Id.* at 63 (emphasis in original).

Liberally construing Krumback's habeas petition, the court finds that some, but not all, of Krumback's claims for habeas relief arise out of the protection order charges that were dismissed. The court agrees that Krumback's claims for habeas relief related to a crime for which Krumback was not convicted and is not currently incarcerated (Grounds 1, 2, and 4) are not relevant. But the fact that some of Krumback's claims for habeas relief (Grounds 3, 5, 6, and 7) relate to the witness tampering conviction does not alter the court's conclusion that the court cannot consider the merits of these claims because they are procedurally defaulted, and Krumback's claim of actual innocence fails as a matter of law. Krumback's first objection to the report and recommendation is overruled, but the report and recommendation is modified to clarify that some, but not all, of the claimed grounds for habeas relief arise out of the witness tampering conviction.

### 2. Objection Number Three (Docket 11 at 9–10)

Krumback objects to the magistrate judge's statement that she screened Krumback's petition pursuant to Rule 4 of the Rules Governing State Habeas Petitions. Docket 11 at 9–10 (citing Docket 6 at 2). As the court understands Krumback's objection, he contends if the magistrate judge had actually screened his petition, she would have understood "the challenged matter" and that a court can grant habeas relief even when the claims are procedurally defaulted. *See id.* at 9. The court has previously explained that the report and recommendation accurately states that Krumback's petition challenges his current incarceration stemming from his guilty plea to witness tampering, although the court modifies the report and recommendation to provide that some, but not all, of the claimed grounds for relief are unrelated to the witness tampering conviction. *See supra* at 13–14. Additionally, the court has explained that the report and recommendation sets out the proper legal standard for considering a claim of actual innocence as an excuse for procedural default. *See supra* at 9. Krumback does not contend that there is any ground other than actual innocence to excuse his procedural default. After conducting a de novo review, the court agrees that Krumback's claims are procedurally defaulted and that his actual innocence claim fails as a matter of law for two, independent reasons. *See supra* at 9–12. Krumback's third objection to the report and recommendation is overruled.

### 3. Objection Number Four (Docket 11 at 11–12)

For his fourth objection, Krumback contends that the report and recommendation did not follow proper habeas procedure because it results in the dismissal of his habeas petition before the respondent answered. Docket 11 at 11–12. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Rule 4 of the Rules Governing § 2254 Cases. In this case, because it plainly appears from the petition and attached exhibits that Krumback is not entitled to relief, it was appropriate for the magistrate judge to recommend dismissal without directing service and requiring the respondent to file an answer, motion, or other response. Krumback's fourth objection to the report and recommendation is overruled.

## IV. Krumback's Motion to Amend (Docket 32)

After objecting to the report and recommendation, Krumback filed a motion to amend his petition for writ of habeas of corpus. Docket 11; Docket 32. Krumback seeks leave "in order to amend the named respondent from Kellie Wasko to the new Secretary of Correction [sic] Nick Lamb." Docket 32 at 1. He also seeks leave to assert additional arguments and authorities in support of each of his claimed grounds for habeas relief. *See generally* Docket 32-1.

Federal Rule of Civil Procedure 15 is generally permissive and provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "However, there is no absolute right to amend and a court may deny the motion based upon a finding of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies in previous amendments, undue prejudice to the non-moving party, or futility." *Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007). Krumback's proposed amendments asserting additional legal arguments and authorities in support of each of his claimed grounds for habeas relief are futile. Because his claims are procedurally defaulted and his claim of actual innocence fails as a matter of law, the court cannot consider the merits of his claims for relief.

Although Krumback is correct that Wasko is no longer the Secretary of the South Dakota Department of Corrections, the Secretary of Corrections is not a proper respondent. Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts states that "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." Rule 2(a) of the Rules Governing § 2254 Cases. In a habeas corpus proceeding challenging physical confinement, the default rule is that the proper respondent is the warden of the facility where the prisoner is being held. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Krumback is incarcerated at the South Dakota State Penitentiary. Docket 1 at 1. Thus, the proper respondent is Joseph Roemmich, the Warden of the South Dakota State Penitentiary. But because Krumback's claims are procedurally

17

defaulted and his petition for writ of habeas corpus must be dismissed, it would be futile to amend the habeas petition to substitute the proper respondent.

## V.     Certificate of Appealability

"[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition." *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003) (citing 28 U.S.C. § 2253). "Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a [certificate of appealability] from a circuit justice or judge." *Id.* at 335–36. A certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is one that demonstrates "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, "[a] substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Krumback has not made a substantial showing that his claims are debatable among reasonable jurists, that a court could resolve his claims differently, or that any of the issues raised in his claims deserve further proceedings. Thus, no certificate of appealability will issue.

## CONCLUSION

For the reasons set out above, it is ORDERED:

18

1. That Krumback's motion for recusal (Docket 18) is denied.

2. That Krumback's motion for jurisdictional transfer (Docket 27) is denied.

3. That Krumback's objections to the report and recommendation (Docket 11) are overruled.

4. That the report and recommendation (Docket 6) is adopted as modified by this order.

5. That Krumback's motion for case management order (Docket 4), motion for hearing (Docket 9), application for personal recognizance bond (Docket 14), motion for expedited consideration of application for personal recognizance bond (Docket 16), motion for bond hearing (Docket 17), motion for subpoena (Docket 19), motion for discovery (Docket 20), motions for evidentiary hearing (Dockets 21, 35), motion for preliminary injunction (Docket 23), motion for an expedited order (Docket 24), motion to appoint counsel (Docket 25), motion for immediate order (Docket 29), motions for clarification (Dockets 31, 37), and motion for expedited consideration (Docket 34) are denied as moot.

6. That Krumback's motion to amend (Docket 32) is denied.

7. That Krumback's petition for writ of habeas corpus under 28 U.S.C. § 2254 (Docket 1) is dismissed with prejudice.

8.    That no certificate of appealability will issue.

DATED February 23, 2026.

                                          BY THE COURT:

                                          /s/ *Karen E. Schreier*
                                          KAREN E. SCHREIER
                                          UNITED STATES DISTRICT JUDGE